

Pro-Se Litigant
Dr. Aparna Vashisht-Rota
12396 Dormouse Road,
San Diego, CA 92129
USA
Email: aps.rota@gmail.com
TELEPHONE: 858-348-7068

**FILED**

May 26 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              s/ JenniferS          DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

APARNA VASHISHT-ROTA, an individual,

        Plaintiff,

v.

HARRISBURG UNIVERSITY;

        Defendant

Case No. **'20 CV0967 WQHKSC**

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR:**

1. **UNFAIR COMPETITION;**
2. **UNFAIR BUSINESS PRACTICES;**
3. **FAILURE TO CORRECT REPORTED HARASSMENT**
4. **FAILURE TO CORRECT REPORTED AND ONGOING RETALIATION;**

**DEMAND FOR JURY TRIAL**

1

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO
CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;

**INTRODUCTION**

1. This is an action for relief from Defendant's violation of Plaintiff's rights in the workplace that Plaintiff reported to Defendant, Harrisburg University ("HUST") that she faces from Defendant's main and exclusive vendor, Howell Management Services ("HMS"). Plaintiff has ongoing complaints with respect to harassment, discrimination, fraudulent behavior, and other violations that Plaintiff faced while working for Defendant's main vendor, HMS for 18 months.

2. Plaintiff received no pay at all for the hours she worked, even though, Plaintiff, delivered all her tasks with success.

3. Plaintiff complained to Defendant who in turn denied her an interim path to place students while she faced ongoing violations from its only vendor allowed to recruit international students or agents.

4. Plaintiff spent 18 months developing a pipeline of 8,000 students/year at the rate of $12,000/year in the 'CPT' or "US transfer market' for Defendant. Plaintiff was diligent and delivered all the tasks assigned in the manner required from Plaintiff.

5. To preserve statute of limitations with respect to claims against HUST, Plaintiff files this action and Plaintiff has obtained rights to sue against the institution for failing to remedy the claims and allegations contained herein due to the enhanced statute of limitations available in California.

6. As the parties are in a unique segment of international student recruitment in the 'CPT' segment that is lucrative, under the theory of joint employment, Plaintiff seeks Defendant's aid in ensuring compliance from its main vendor or in the alternative, provide an interim path for Plaintiff to place her students during the pandemic or until the litigation between HMS and Plaintiff is resolved so Plaintiff does not continue to lose money for reporting a protected activity.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;

7. HMS' expert report, in their action against Plaintiff[1] notes "Industry standards are included in contracts between universities and their agents that describe the parties' roles and responsibilities, performance measures, ethical behaviors, compensation, the need for confidentiality and other issues. Contracts are the foundation of such partnerships and usually stipulate that any third-party relationships that arise are also bound by their terms. Industry standards and norms, included in such contracts, apply to all actors within their scope – institutions, agents and any third parties. The agreements negotiated between the Plaintiff and the Defendant state that "the representative (the Defendant) is authorized to counsel and inform prospective clients solely in accordance with the published promises and commitments made by HMS (the Plaintiff) and its partner colleges and universities." That is, the terms of the agreements negotiated between the Plaintiff and its partner colleges and universities have a "trickle down" effect and apply equally to any third parties that come within their purview." (*See* Exhibit A)

8. In fact, the entire report supports Plaintiff's theory of joint employment. Normally, specialness or niche areas automatically do not give rise to joint employment with respect to following any harassment policies. However, in this case, the value per student is $12,000 for a student in that specific niche of students that need a program set up with certain features. Plaintiff can't place her students elsewhere as there are limited 'CPT' universities. Simply put, Defendant supply insulin and Plaintiff had the right to pursue her own contracts with respect to such insulin. Plaintiff can't set up her own factory without significant costs.

9. All recruitment is as per each university's specific requirements. The university is mandated to follow guidelines as per its accreditation body. "Any institution

---

[1] Plaintiff is Defendant in the Utah action.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;

accredited by the Middle States Commission on Higher Education (hereinafter, member institution) is held responsible for all activities carried out under the institution's name. The Commission's accreditation standards, policies, and procedures, especially the Commission's policies regarding outcomes assessment, advertising, and recruitment, apply to any contractual arrangements as well as to the member institution's regular activities." (*See* Exhibit B).

10. Absent institutional intervention for correction of harassment behavior, Plaintiff has no recourse to place her valuable students that result in revenue for both the university and Plaintiff. Plaintiff seeks injunctive relief against Defendant and this relief is necessary to prevent further unfair business practices and competition. As incoming overseas students are trending lower, these students are even more valuable due to the pandemic.

11. Defendant acted or failed to act as herein alleged with malice, contempt, and with reckless disregard to the protected rights of the Plaintiff. Plaintiff, thus, is entitled to punitive damages in an amount to be determined according to proof.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

13. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California because Plaintiff resides in San Diego, CA and the unlawful business practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## NATURE OF THIS ACTION

14. This is an action brought pursuant to California Labor Code, the Unfair Competition Law, Unfair Business Practices Law, and state common law to obtain relief for Plaintiff.

15. This action is brought by Plaintiff as an emergency interim relief to mitigate her losses and place her U.S. students due to the pandemic as the overseas incoming

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;

students are trending low due to the pandemic. Plaintiff has sought emergency

relief in nearly all its actions against Defendant's main vendor, HMS.

16. HMS solicited Plaintiff after 18 months of nonpayment of wages and unabated

harassment throughout those painful 18 months. Plaintiff quit and complained

about the harassment to HMS who then sued Plaintiff for the protected activity

that is protected since on or around July 10, 2017 when Plaintiff formally filed a

complaint of discrimination with Defendants' main vendor.

17. Throughout 2018 and early 2019, Plaintiff tried to report the grievance to

Defendant to have them address the noncompliant main vendor but Defendant

failed to provide any interim path.

18. As the dispute is ongoing and long and with no end in sight and out of the legal

doctrine for a 'girl's got to eat', Plaintiff seeks interim relief from HUST to place

students as students ask for HUST and Plaintiff loses money on those students.

19. Plaintiff is unable to work through Defendant's main agent and Plaintiff tried to

work through them as recently as March 2020 and was denied unless Plaintiff

accepted poor terms.

20. Plaintiff needs to recover losses in the range of $3.6 million/year/academic

program since July 2017 and until she can recover $180 million for placing

15,000 students at the rate of $12,000/student. The pandemic makes this a harsher

reality for Plaintiff resulting in grave and irreparable economic and noneconomic

losses.

## PARTIES

21. HUST is Harrisburg University of Science and Technology. They have various

programs such as MS Analytics, MS Biotechnology, MS Computer Information

Sciences, MS Consumer Behavior and Decision Sciences, MS Human-Centered

Interaction Design, MS Healthcare Informatics, MS Information Systems

Engineering and Management, MS Learning Technologies and Media Systems,

MS Next Generation Disruptive Technologies, MS Project Management, Ph.D. Data Science, Ph.D. Information Systems Engineering and Management.

22. HUST employs Howell Management Services ("HMS") as its exclusive partner for its international student recruitment for all its programs noted above.

23. HMS employed Plaintiff to acquire new business relationships and to develop new business and add channels for HUST from October 2015 till May 2017. Around May 2017, HMS and Plaintiff had a dispute due to harassment and other matters Plaintiff continues to face with Defendants' main vendor.

24. Plaintiff, as the new business development person, has the right to pursue the business she brought and/or developed for HMS during her employment.

25. HUST is one such partner that Plaintiff acquired and developed for HMS and from which both HMS and HUST directly benefitted.

## STATEMENT OF FACTS
### SEE EXHIBIT C and D

26. Plaintiff incorporates unresolved allegations and damages that Plaintiff has against HMS by way of reference herein from Exhibit C and Exhibit D.

27. Plaintiff seeks interim relief to place students due to the pandemic or until the litigation between HMS and Plaintiff concludes, whichever comes earlier because Plaintiff had the right to pursue the business she brought or developed for Defendant's purposes.

28. Plaintiff reported the harassment to Defendant but the Defendant did not do anything to correct or remedy their main vendor's behavior. Pursuant to academic and recruitment policies, Defendant is responsible for fair and equitable recruitment policies.

29. Defendant failed to correct or require HMS to be in compliance with international recruitment policies, procedures, and employment laws.

## FIRST CAUSE OF ACTION
### UNFAIR COMPETITION
(Plaintiff against the Defendants)

6

30. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

31. Plaintiff seeks declaratory relief of a direct contract with the Defendants until the litigation between its main and only vendor HMS and Plaintiff is resolved.  The matter between HMS and Plaintiff is of unpaid wages, noncompliance with standard harassment policies and procedures and has been ongoing for 5 years. It is expected to last another 5 years through appeals as Plaintiff has not been paid for 5 years and has no control over the end of the dispute.

32. Defendants have full documentation and are aware of the dispute. Defendants unfairly denied fair competition as permitted by law to a party that not only brought business to the Defendants but also developed channel partnerships that directly benefitted Defendants.

33. Plaintiff faces ongoing coercion out of her valid rights with respect to the business she brought and predatory behavior to coerce consent to give up her rights to compete.

34. Plaintiff has no control over the length of the litigation as she awaits payment for 5 years.

35. Plaintiff has the right to the universities she brought and developed for the main vendor. Plaintiff has not been paid for 5 years and is suffering litigation expenses from an industry veteran. Plaintiff needs shelter.

### SECOND CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES §§ 17200
(Plaintiff against the Defendant)

36. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

37. Defendant failed to seek an investigation into the allegations made by Plaintiff and provide a fair hearing to Plaintiff.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;

38. Defendant failed to implement a fair process to prevent future complaints from the only exclusive agent they assigned for the market. Such an approach is fraught with abuse of power.

39. Defendant failed to follow their own policies with respect to harassment reporting and corrections.

40. Defendant failed to be fair to Plaintiff and permit interim solutions and/or provide equal treatment with respect to earning a living.

41. Defendant failed to honor and respect the work Plaintiff did to put the deal together that enabled Defendant to benefit from Plaintiff's work and efforts.

## THIRD CAUSE OF ACTION
## FAILURE TO CORRECT REPORTED HARASSMENT
(Plaintiff against the Defendants)

42. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

43. Plaintiff reported harassment and ongoing retaliation she faced from the Defendants' only vendor and has done so since 2018.

44. Defendant has full documentation and is aware of the nature of the dispute.

45. Plaintiff has no control over the length of the litigation as she awaits payment for 5 years.

46. Defendant has failed to provide any interim relief for the reported harassment with its main and only path for Plaintiff to place her students.

47. Defendant participated in the ongoing harassment that Plaintiff has suffered for the past 3 years 2 of which with full knowledge and failed to do anything about it.

48. Plaintiff pleaded and begged the Defendant for help and received no help whatsoever.

## FOURTH CAUSE OF ACTION
## FAILURE TO CORRECT REPORTED RETALIATION
(Plaintiff against the Defendants)

8

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO
CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;

49. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

50. Plaintiff reported ongoing retaliation she faced from the Defendant's only vendor.

51. Defendant's main vendor retaliated against Plaintiff for lawfully reporting harassment.

52. Plaintiff, properly, reported harassment and other violations to Defendant's main vendor first and received no solution or interim path. The complaint is pending since July 2017.

53. Defendant's main vendor improperly and illegally sued plaintiff when Plaintiff complained about the unwelcome harassment and discrimination.

54. Defendant has full documentation and is aware of the harassment and retaliation and failed to implement a fair process for Plaintiff.

55. Defendant enabled Plaintiff's harm and severe setback.

56. Defendants failed to rectify and correct reported retaliation for protected activity.

## DECLARATORY RELIEF ALLEGATIONS

57. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

58. A present and actual controversy exists between Plaintiff and Defendant's main vendor HMS. Plaintiff contends that Defendant's main and only vendor HMS, violated her rights under the broad California Labor Code. Plaintiff has not been able to place students for 3 years.

59. Plaintiff has no control over the end of the dispute. Plaintiff seeks interim contracts due to the pandemic until the pandemic or the litigation between the parties is resolved. Plaintiff has not been paid for 5 years.

60. Plaintiff seeks the right to earn a living just like HMS until the litigation is resolved.

61. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties. Declaratory relief is therefore necessary and appropriate.

62. Plaintiff re-alleges Plaintiff has suffered injury in fact and has lost money as a result of Defendant's unlawful and unfair business practices and acts, and is therefore authorized to pursue injunctive relief against Defendants that is necessary to prevent further unfair business practices and acts.

63. Plaintiff re-alleges, Defendants acted or failed to act as herein alleged with malice or reckless disregard to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

## CONCLUSION

64. Plaintiff humbly seeks a direct contract as sent to Plaintiff by the university with instructions for applications and invoices as per their terms. Plaintiff shall be in full compliance and understands that her privilege will be revoked if found not to be in compliance. Plaintiff seeks declaratory relief to place up to 300 students per academic year per program per campus at HUST at the same rate as HMS until the dispute between HMS and Plaintiff can be resolved.

65. In the alternative, Defendant, can pay $3.6 million/year/academic program ($12,000/student for 300 students) since July 2017 that Plaintiff has suffered directly due to Defendants' failure to provide equal grounds for all parties.

66. A direct contract to place students is Plaintiff's preferred disposition so that Plaintiff can *earn* her estimated losses back in the amount of $180 million that Plaintiff can earn due to her denied placements. Plaintiff seeks whistleblower status for reporting unlawful behavior.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;

# **PRAYER FOR RELIEF**

1. A declaratory judgment that Defendant's action complained herein have violated Plaintiff's rights under California Code Labor violations, including the right to be free from retaliation for the assertion of rights protected by the California Labor Code;

2. Plaintiff prays to place up to 300 students per academic year per program per campus at HUST[2] until the dispute between HMS and Plaintiff can be resolved.

3. Plaintiffs prays that the Defendant should be ordered to pay at least $3.6 million/year/academic program ($12,000/student per student) loss since July 2017 that Plaintiff has suffered directly due to Defendants' failure to provide equal grounds for all parties;

4. General, compensatory, and special damages according to proof;

5. Interest accrued on Plaintiff's damages including pre- and post-judgment interest;

6. Such other and further relief as this Court deems just and proper.

May 24th, 2020                                          Respectfully submitted,

                                                       */s/ Dr. Aparna Vashisht-Rota*
                                                       Dr. Aparna Vashisht-Rota
                                                       *Pro-se litigant*

---

[2] See Exhibit E Proposed HUST and AEG contract.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR LAWS; UNFAIR COMPETITION; FAILURE TO CORRECT REPORTED HARASSMENT; AND ONGOING RETALIATION;