UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>HARRISBURG UNIVERSITY,<br><br>                            Defendant. | Case No.: 20-CV-967 JLS (KSC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE COMPLAINT, AMENDED COMPLAINT, AND EXHIBITS A–E UNDER SEAL**<br><br>(ECF No. 39) |

Presently before the Court is Plaintiff Dr. Aparna Vashisht-Rota's Motion to File Complaint, Amended Complaint, and Exhibit[s] A–E Under Seal ("Mot.," ECF No. 39). The Motion is unopposed. Having carefully reviewed Plaintiff's arguments, the documents in question (ECF Nos. 1, 7), and the relevant law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

### LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

*v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

///
///
///
///
///

## ANALYSIS

Plaintiff seeks leave to file under seal her original complaint (ECF No. 1) and Exhibits A through E thereto (ECF Nos. 1-2, 1-3, 1-10)[1] and the operative first amended complaint (ECF No. 7). *See* Mot. at 2. Plaintiff contends that there exists "good cause" to file these documents under seal because "[t]he matter contains documents that are confidential and the parties exist in a highly competitive market." *Id.* Plaintiff elsewhere contends that "there is compelling reason to put the matter under seal" because "[t]he materials are under seal in Utah and various courts." ECF No. 39-2 at 1. There are several issues with Plaintiff's request.

First, "[t]he Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but . . . courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit." *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013). Plaintiff generally asserts that there exists "good cause" to seal the complaints and exhibits, which does not suffice to meet the "compelling reasons" standard. *See* ECF No. 39 at 2; ECF No. 39-1 at 2. To the extent that Plaintiff does contend that there exist "compelling reasons," *see* ECF No. 39-2 at 1, she fails to "show[] specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Second, Plaintiff's Motion is overbroad. "Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 513 (1984)). Here, by contrast, Plaintiff seeks leave to file the entirety of her complaint and first amended complaint under seal, including several exhibits, one of which is a court filing that may already be publicly available. Accordingly, Plaintiff's

---

[1] Although Plaintiff seeks leave to file Exhibits C and D under seal, those exhibits were withdrawn on August 10, 2020, per Plaintiff's August 8, 2020 Motion to Withdraw Exhibit C and D from the Complaint. *See* ECF No. 32.

Motion also must be denied as overbroad. *See, e.g.*, *Bangert v. Cty. of Placer*, No. 2:17-CV-1667 KJN P, 2019 WL 358518, at *13 (E.D. Cal. Jan. 29, 2019) (denying motion to seal as overbroad where the parties seeking to seal did "not discuss any of the individual exhibits attached to the [filing], which include[d] public documents such as an article from the Sacramento Bee").

Because Plaintiff has failed to meet his burden of establishing "compelling reasons" sufficient to outweigh the public's interest in narrowly tailored portions of her complaints, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion (ECF No. 39). Plaintiff **MAY FILE** a renewed motion to file under seal any documents for which "compelling reasons" exist <u>within fourteen (14) days of the electronic docketing of this Order</u>. *See, e.g.*, *Foltz*, 331 F.3d at 1136.

**IT IS SO ORDERED.**

Dated: August 13, 2020

Hon. Janis L. Sammartino
United States District Judge