UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aparna VASHISHT-ROTA,<br><br>        Plaintiff,<br><br>v.<br><br>HARRISBURG UNIVERSITY,<br><br>        Defendant. | Case No.: 20-cv-0967-AGS-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF 75)** |

In her most recent amended complaint, plaintiff claims Harrisburg University aided in her ex-employer's harassment and discrimination and tried to shut her out of a niche job market. Harrisburg moves to dismiss, arguing that her complaint is unintelligible and fails to state a claim.

## BACKGROUND

Plaintiff Dr. Aparna Vashisht-Rota worked with an entity she calls "Main Agent" to provide "curricular practical training," "which allows foreign students to obtain work authorization at the university level while awaiting work visas." *Vashisht-Rota v. Harrisburg Univ.*, No. 3:20-cv-00967-RBM-KSC, 2023 WL 35216, at *1 (S.D. Cal. Jan. 4, 2023). Harrisburg hired Main Agent to be its "sole vendor" for "international student recruitment." *Id.*

In 2017, after Vashisht-Rota and Main Agent had a falling-out, Vashisht-Rota alleges, "Main Agent along with others ganged up on Plaintiff to remove her," refused to pay her, and sued her. (ECF 73-1, at 5.) Later, in "early-mid 2019," she notified Harrisburg's president Eric Darr of "Main Agent's harassment, nonpayment for work performed and the ongoing economic harm" she faced. (*Id.* at 6.) Rather than assist her, Darr "simply forwarded the messages to Plaintiff's abuser of 7.5 years, the Main Agent, . . . and essentially coerced Plaintiff to work with the Main Agent or not at all." (*Id.* at 7.) In May 2020, Vashisht-Rota sued Harrisburg. In a 1,700-page complaint (counting

exhibits), she alleged unfair business practices and failure to correct or prevent harassment. (*See* ECF 1.)

Since then, this case has remained mired in the pleading stage. Vashisht-Rota filed a first and second amended complaint at her own request (*see* ECF 42; ECF 49-1), though the latter was dismissed for failing to state a claim (*see* ECF 72). Now back with her third amended complaint, Vashisht-Rota has sharply curtailed its total length—below 150 pages with exhibits—but increased the number of counts to 11, including employment, harassment, and business-practices claims. (*See generally* ECF 73.)

## DISCUSSION

Harrisburg seeks to dismiss the third amended complaint, arguing it is unintelligible and does not state a claim. (*See* ECF 75.)

**A.     Intelligibility**

A complaint must contain "a short and plain statement showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). This rule is "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). But the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "[N]ormally verbosity or length by itself is not by itself a basis for dismissing a complaint." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Instead, dismissal "is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (cleaned up).

Harrisburg asserts that Vashisht-Rota's most recent complaint must be dismissed because it doesn't put Harrisburg "fairly on notice of the claims against" it. (ECF 75, at 4.) This is so, according to Harrisburg, mainly because it "fail[s] to identify the 'Main Agent' who allegedly discriminated against Plaintiff." (*Id.* at 5.)

But the failure to identify "Main Agent" is not fatal. Contrary to Harrisburg's assertion, it is not left to "guess" who Main Agent is. (*See* ECF 75, at 4.) The third amended complaint, after all, explicitly mentions that "Main Agent's harassment" was "noted" in a related case in this Court. (ECF 73-1, at 8; *see also id.* at 34 ("Plaintiff was harassed by the Main Agent as noted in 3:20-cv-321.").) That case, *Vashisht-Rota v. Howell Management Services*, identifies the "Main Agent" right in the caption. And, to end any possible confusion, the third amended complaint identifies the alleged harasser as "Mr. Chris Howell," the principal of "Main Agent." (*See* ECF 73-1, at 31.) It is unclear why Vashisht-Rota chose to call Howell Management Services "Main Agent," but the riddle is not so difficult to decode as to render her latest complaint unintelligible.

More generally, the Court appreciates Harrisburg's intelligibility concerns. Vashisht-Rota's latest complaint remains long, replete with legal conclusions, and contains irrelevant mentions of other parties or proceedings. (*See, e.g.*, ECF 73-1, at 19 (criticizing "the Utah Court's extreme actions").) It also includes a 100-page exhibit that appears to be Harrisburg's entire student handbook, the vast majority of which is immaterial. (*See* ECF 73-2, at 1–104.) But overall, the third amended complaint is "logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefor." *See Hearns*, 530 F.3d at 1132. Despite its flaws, it is "intelligible and clearly delineate[s] the claims," such that the defense can meaningfully answer them. *See id*. Thus, Harrisburg's motion to dismiss the complaint as incomprehensible is denied.

**B.   Failure to State a Claim**

Harrisburg presumes that all 11 claims in the third amended complaint are based on vicarious liability, which requires proof of agency. It moves to dismiss all claims on the grounds that Vashisht-Rota "fails to plead plausible facts demonstrating an agency relationship between 'Main Agent' and Harrisburg University." (ECF 75, at 8.) Harrisburg is partly right: Vashisht-Rota again fails to plausibly plead agency. But not all her claims rely on an agency theory.

3

To survive a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). Plausibility requires more than mere "conclusions" or a "formulaic recitation" of elements; it must be based on "factual allegations" that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

Vicarious liability, or "respondeat superior," imposes liability on a "principal" (typically an employer) for the actions of its "agents" (typically employees). *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). "In determining whether vicarious liability may be imposed, the extent of control exercised by the principal is the essential ingredient." *Id.* (cleaned up).

Vashisht-Rota points to nothing in her third amended complaint to establish plausible agency liability. In fact, she doesn't respond to this argument at all. (*See* ECF 78.) She mostly argues that Harrisburg's motion should be ignored for violating local rules and chambers rules regarding opposition papers. But Vashisht-Rota misapprehends the procedural posture. She presumes that Harrisburg was opposing a motion to amend the complaint. (*See* ECF 78.) Not so. After all, no such motion was pending. Although Vashisht-Rota incorrectly styled her filing as a "motion," she had already been given leave to amend and thus did not need to move the Court to do so. (*See* ECF 72, at 17 (partially granting Harrisburg's motion to dismiss the second amended complaint and ruling "Plaintiff MAY FILE an amended complaint").) So, Harrisburg was not opposing Vashisht-Rota's motion; it was moving to dismiss the new complaint. And it complied with the then-assigned judge's rules for noticing a motion for "any Monday between thirty (30) and sixty (60) days from the motion's filing date." Judge Montenegro's Civil Chambers Rule III.B; (*see also* ECF 75-1, at 1 (setting the hearing date for "May 1, 2023," a Monday 46 days after the filing date).

Nonetheless, by failing to address the substance of Harrisburg's motion to dismiss, Vashisht-Rota concedes its merits. *See* CivLR 7.1(f)(3)(c) ("If an opposing party fails to file the papers in [an appropriate] manner . . . , that failure may constitute a consent to the

granting of a motion or other request for ruling by the Court."); *Star Fabrics, Inc. v. Ross Stores, Inc.*, No. CV 17-5877 PA (PLAX), 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017) ("Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments or otherwise consented to granting the motion.").

At any rate, Harrisburg's agency arguments seem unassailable. Vashisht-Rota's latest complaint completely fails to allege any non-conclusory facts to establish agency control from Harrisburg to Main Agent. (*See, e.g.*, ECF 73-1, at 9 (conclusory allegation that "Defendant failed to supervise its Main Agent who acts on its behalf in a regulated industry governed by US immigration laws").) The allegations here are even slimmer than a very similar case she has pending against Ottawa University, in which her pleadings were also ruled insufficient. *See Vashisht-Rota v. Ottawa Univ.*, No. 20-CV-0959-AGS-KSC, 2023 WL 6202040, at *4 (S.D. Cal. Sept. 22, 2023) ("Vashisht-Rota must do more than establish that Ottawa has 'some control' over Main Agent, and even setting unrelated 'guidelines and procedures' is not enough to trigger vicarious liability." (quoting *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 451 (9th Cir. 2018)).

Although Vashisht-Rota failed to sufficiently allege vicarious liability, this does not doom all her claims. Of the 11 causes of action, only the first is explicitly based on vicarious liability. (*See* ECF 73-1, at 8–9 (First cause of action: "**NEGLIENCE— VICARIOUS LIABILITY**").) And the fourth count—regarding a hostile work environment—appears to be implicitly based on an agency theory. That is, the count never mentions harassing conduct by Harrisburg, so it presumably seeks to hold Harrisburg responsible for the acts of agents. (*See id.* at 12–15.) The remaining counts, while sometimes interweaving vicarious-liability theories, all seem to be direct causes of action based on the conduct of Harrisburg's president: allegedly forwarding complaints to Main Agent or failing to work with Vashisht-Rota directly in place of Main Agent. (*See generally*

*id.*) Because the issue has not been presented, this Court does not consider whether any of these causes of action state a claim.

Finally, Vashisht-Rota argues that the current motion to dismiss can only apply to the "Fourth, Sixth, Tenth, and Eleventh" causes of action. (*See* ECF 78, at 3.) She maintains that the other claims already "have a ruling," based on the Court's order dismissing the second amended complaint. (*Id.*) She is apparently under the misapprehension that a party may only move once to dismiss a claim and any grounds not raised in that motion are waived. Not true. Unlike other portions of Rule 12, an argument about failing to state a claim is not waived by not including it in a previous motion or ruling. *See* Fed. R. Civ. P. 12(h)(2) (noting that "[f]ailure to state a claim . . . may be raised" as late as "at trial"); Fed. R. Civ. P. 12(h)(1) (discussing waiver of other motion-to-dismiss grounds by failing to raise them at the first opportunity).

Thus, Counts 1 and 4 are dismissed. For the remaining counts, any portion of those claims that is based on vicarious liability is also dismissed.

## C.   Leave to Amend

The Court will not *sua sponte* grant Vashisht-Rota another chance to amend. First, she has not asked to do so, nor has she addressed—or rebutted—Harrisburg's opposition to further amendments. (*See* ECF 78.) Second, this complaint is now in its fourth iteration. Previously, Vashisht-Rota was warned about the deficiency of her agency allegations, yet failed to cure them. *See Vashisht-Rota v. Harrisburg Univ.*, No. 3:20-cv-00967-RBM-KSC, 2023 WL 35216, at *8 (S.D. Cal. Jan. 4, 2023) (deeming "conclusory" the second amended complaint's allegation that "Main Agent was . . . Defendant's agent"). So, if Vashisht-Rota wishes to reallege vicarious-liability theories, she must move to amend and explain how new *factual* allegations—rather than conclusory ones—would support such an amendment.

# CONCLUSION

Defendant's motion to dismiss is **GRANTED IN PART**. Counts 1 and 4 are dismissed. The remaining counts survive, but any aspect of those claims that relies on vicarious liability is also dismissed.

Dated: January 8, 2024

Hon. Andrew G. Schopler
United States District Judge