Dr. Aparna Vashisht-Rota
12396 Dormouse Road,
San Diego, California, 92129
Phone: 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
Email: Aps.rota@gmail.com

# UNITED STATES DISTRICT COURT

# OF SOUTHERN CALIFORNIA

| | |
|---|---|
| Dr. Aparna Vashisht-Rota, an individual, <br><br> Plaintiff, <br><br> v. <br><br> Harrisburg, <br><br> Defendants. | 3-22-CV-00967-AGS-KSC <br><br> [PROPOSED DAMAGES] ORDER ON MOTION FOR SUMMARY JUDGMENT ON 18 USC §1595 (A); SPEAK OUT ACT VIOLATION OF 42 U.S.C. §19401-4 WITH DKT 88-2 |

## LEGAL GROUNDS

"An individual who is a victim of a violation of this chapter [Chapter 77 of Title 18] may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees."

**§18 U.S.C. § 1589(a), (b) - Forced labor (a)** Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person

would suffer serious harm or physical restraint, shall be punished as provided under subsection (d). (b) Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).

Human trafficking pursuant to California law states 236.1 PC (a) A person who deprives or violates the personal liberty of another with the intent to obtain forced labor or services, is guilty of human trafficking and shall be punished by imprisonment in the state prison for 5, 8, or 12 years and a fine of not more than five hundred thousand dollars ($500,000). (b) A person who deprives or violates the personal liberty of another with the intent to effect or maintain a violation of Section 266, 266h, 266i, 266j, 267, 311.1, 311.2, 311.3, 311.4, 311.5, 311.6, or 518 is guilty of human trafficking and shall be punished by imprisonment in the state prison for 8, 14, or 20 years and a fine of not more than five hundred thousand dollars ($500,000).

The Court, having found that Defendant Harrisburg University liable under 18 U.S.C. §1595 (A) awards the following damages to Plaintiff as Harrisburg knew or should have known that it benefits from a venture that it knew or should have known involved human trafficking. It's main agent HMS, forced Plaintiff to work without compensation and forced her into an employment contract to coerce her to perform litigation work or else she faced enormous financial penalty of $5 or $10 million.

HMS, Chris Howell, and Justin Spencer solicited her in March 2017 in violation of the pandering laws in California under Section 266h and 266i. Through 2018 and 19, Harrisburg received notification that Plaintiff was in involuntary servitude with a count of the weeks she remains unpaid, Harrisburg recklessly sent those to HMS which further intimidated her through legal force, intimidation, and nonpayment harassment. The Court finds that HMS did not pay her and subjected her to harassment through various parties continuing its conduct of violating California's strict laws against pandering/pimping and forced labor.

3-22-CV-00967-AGS-KSC[PROPOSED DAMAGES] ORDER ON MOTION FOR SUMMARY JUDGMENT ON 18 USC §1595 (A); SPEAK OUT ACT VIOLATION OF 42 U.S.C. §19401-4 WITH DKT 88-2 - 2

**A. Equitable Relief:**

- **Injunction:** The Court issues the following injunctive relief to allow Plaintiff to compete and place students at Harrisburg at the same rate as HMS and for the market to be split to allow Plaintiff to compete to recover from the losses due to harassment.
- HUST Dubai—Plaintiff obtained the referral from her contact so she is granted the permission to pitch her plan for the recruitment as the exclusive agent;
- Any other countries that are available for exclusive marketing from: OECD Stat: INTERNATIONAL STUDENTS BY PLACE OF ORIGIN AND ACADEMIC LEVEL, 2000/01 - 2021/22: Census Data Places of Origin

**Europe**

1. France
2. Germany
3. United Kingdom
4. Italy
5. Netherlands
6. Norway
7. Greece
8. Finland
9. Georgia

**Latin America**

1. Mexico
2. Honduras
3. Caribbean

**South America**

1. Argentina
2. Brazil
3. Peru
4. Colombia

3-22-CV-00967-AGS-KSC[PROPOSED DAMAGES] ORDER ON MOTION FOR SUMMARY JUDGMENT ON 18 USC §1595 (A); SPEAK OUT ACT VIOLATION OF 42 U.S.C. §19401-4 WITH DKT 88-2 - 3

5. Venezuela

### Africa

1. South Africa
2. Ghana
3. Nigeria
4. Kenya

### Asia

1. Hong Kong
2. Japan
3. South Korea
4. Indonesia
5. Singapore
6. Thailand
7. Vietnam
8. India: HUST Dubai (separate campus came through Rota contact) and Ottawa Japan which I can set up over time.
9. Nepal
10. Philippines
11. Malaysia

### North America and Canada

1. New STEM program Aparna's Version with CPT BS, MS, and DBA/Ph.D.
2. Separate buildings at HUST and OU, both have room to grow.
3. Division by seats or full competition

### B. Economic Damages: (see Dkt. 88-2)

**1. 2015-2023:** The Court orders the following:

1. $106,000/year net of California taxes since 2015 payable for 38 years;
2. $25,000/year net of California taxes for medical benefits since 2015 payable for 38 years;

3. Loss of benefit of education that cost $200,000 for BSBA, $90,000 for MBA, and $90,000 for DBA; and law school expenses of $7,000;
4. Based on the expert reports from Mr. Chad Williamson in both the Hernandez and Utah trial, the Court finds that Plaintiff lost opportunities to place 2,500 students in non-CPT market at the rate of $5,000/student or $12.5 million/year since 2015 for 38 years as future losses;
5. Based on the same expert reports, Plaintiff has damages in the CPT market of at least 300 students per yar per university due to the trade blockage spanning years or $7.2 million/year since 2015 for 38 years as future losses;
6. Loss of Harrisburg Dubai campus for which Plaintiff was recommended in May 2023 to be determined at trial;
7. Medical therapy needed for $500/hour therapy for 6,000 hours over 38 years;
8. Statutory damages under Unruh §51.5 at $4,000/day for discriminating against a harassment victim 2,735 days;
9. Pain and suffering costs of being held in sub-par conditions;
10. Costs of education for Plaintiff's children at $500,000/child;
11. Costs of stigma with the lawsuit as Harrisburg knows slavery in any form is unlawful to be determined at trial;

### C. Non-Economic Damages: (see Dkt. 88-2)

1. Loss of time with family and friends due to this traumatic incident;
2. Loss of companionship from family due to the prolonged unilateral fight and slavery;
3. Emotional distress at being held hostage against Plaintiff's will at an 'employment' she quit in 2017;
4. Loss of enjoyment of life due to the prolonged litigation and being framed for HMS' misconduct;
5. Loss of confidence to life a normal adult life;
6. Loss of leaving home for events due to the aggressive nonpayment slavery and the ensuing trauma from being unable to end the same;
7. Trauma from having to leave a lucrative industry with no prospects for the future;

8. Trauma from losses in publications due to this docudrama;

### D. Liquidated and Punitive Damages:

- Liquidated damages that the court seems just;
- Punitive damages as the Court deems just in light of the years of loss under nonpayment because the harm to Plaintiff could have been stopped had HUST exercised caution or had a process for harassment reporting with temporary placement to sustain any litigation from HMS who very aggressively refused to pay for years with legal costs; HMS obtained 5-20X the amounts it'd pay as a fine so it caused the problem and then used the Court to ruin Plaintiff's life as a settled immigrant with a nice happy family and home;
- HMS blocked all avenues of relief to Plaintiff and HUST knew about it;
- HUST and its officials know that an 8-year loss in any industry, or life is profound loss of life and it sanctioned the action against Plaintiff the minute it sent the messages to HMS who used it to not pay;
- Women in general have a tough time getting compensated for high value work, social support, institutional support are key to preventing lawsuits such as these, but by blindly following HMS, HUST participated in severe oppression of Plaintiff and her family given that the cost to pay a fine for the allegation is $500,000, HMS cost Plaintiff 8 years of total losses with its lawsuit in Utah that still hasn't paid;

DATED 2nd day of February 2024

Hon. Judge Schopler

3-22-CV-00967-AGS-KSC[PROPOSED DAMAGES] ORDER ON MOTION FOR SUMMARY JUDGMENT ON 18 USC §1595 (A); SPEAK OUT ACT VIOLATION OF 42 U.S.C. §19401-4 WITH DKT 88-2 - 6