UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHIST-ROTA,<br><br>   Plaintiff,<br><br>v.<br><br>HARRISBURG UNIVERSITY,<br><br>   Defendant. | Case No.: 20-cv-967-AGS-KSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 118]** |

On August 18, 2021, plaintiff moved for reconsideration of the Court's prior Discovery Order dated August 20, 2024. *See* Doc. No. 119. Briefing has concluded—including an extra, unauthorized Reply filed by plaintiff, which the Court exercises its discretion to consider because plaintiff, as a pro se litigant, may not have been aware that she must file a single Reply, not a Reply to each Opposition. *See* Doc. Nos. 127, 128, 131, 132.[1] Plaintiff makes numerous arguments in support of reconsideration. *See generally* Doc. No. 118. The Court will address them all.

---

[1]   In its Order setting a briefing schedule, the Court ordered plaintiff to provide proof of service as to non-party Howell Management Services, LLC ("Howell"). Doc. No. 119. Plaintiff failed to file any such proof of service. Given plaintiff's disregard for the Court's Order, the Court would have denied plaintiff's motion on procedural grounds if Howell had not responded. *See* Fed. R. Civ. P. 16(f)(1)(C). However, because Howell apparently

1

Under Civil Local Rule 7.1(i), the Court will only reconsider a non-appealable Order when a moving party shows "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown," when the party first moved for an Order.[2] Under controlling case law, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate if the moving party shows "some valid reason" for the Court to reconsider a prior decision while also setting forth "facts or law of a strongly convincing nature." See *Morris v. McHugh*, 997 F. Supp. 2d 1144, 1172 (D. Haw. 2014); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 665 (D. Nev. 2013); *Fraser v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

"Motions for reconsideration cannot 'be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Feltzs v. Cox Commc'ns. Cal.*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021) (citing *Carroll v. Nakutani*, 342 F.3d 934, 945 (9th Cir. 2003)). The decision whether to grant such a motion is committed to the sound discretion of the trial court. *See Pasatiempo v. Azizawa*, 103 F.3d 796, 801 (9th Cir. 1996). Reconsideration is an "extreme remedy" that should be used only in the most compelling cases. *See Sherman v. Yahoo!, Inc.*, 997 F. Supp. 2d 1129, 1139 (S. D. Cal. 2014).

First, plaintiff argues the Court should "postpone the ruling" on plaintiff's previously filed discovery motions until District Judge Schopler has issued rulings that might "change

---

received actual notice of the filing and filed a response [Doc. No. 128], the Court will overlook plaintiff's failure to follow the Order directing service upon Howell because there was, apparently, no prejudice.

[2] The Court may exercise its discretion to summarily reject future reconsideration motions filed by plaintiff if they do not satisfy the requirements of Civil Local Rule 7.1(i).

the scope of discovery." *See* Doc. No. 118. This argument could have been raised earlier. In fact, plaintiff alluded to it in her earlier briefing. *See* Doc. No. 104 at 2. It is, therefore, not grounds for reconsideration. In any event, the pending rulings from Judge Schopler appear to have been related to plaintiff's Motion for Reconsideration in this case [Doc. No. 83], which was denied on August 30, 2024 [Doc. No. 124], rendering this argument moot.

Second, plaintiff argues the Court should have considered an unfiled reply brief from third-party Howell Management Services, LLC ("Howell"). Doc. No. 118 at 2. Plaintiff does not explain how this fact fits the test for reconsideration. In any event, the Court did not need to hear anything further from Howell after plaintiff filed her Opposition because the Court found cause to grant Howell's motion for a protective order based on the opening brief and plaintiff's unpersuasive Opposition. This is, therefore, not cause to reconsider the Discovery Order.

Third, plaintiff argues "taking depositions costs money." This argument has nothing to do with newly discovered evidence, a change in the law, or clear error; and it is therefore not grounds for reconsideration.

Fourth, plaintiff argues she might be entitled to attorney's fees in related case number 3:20-cv-321-AGS-KSC. Doc. No. 118 at 2-3. As with plaintiff's third argument, this argument bears no semblance to showing newly discovered evidence, a change in the law, or clear error; and it is therefore not grounds for reconsideration. It also could have been raised earlier, which independently bars reconsideration.

Fifth, plaintiff argues her subpoenas were timely. Doc. No. 118 at 3-4. However, the Court granted Howell's Motion for a Protective Order without considering the timeliness of plaintiff's subpoenas, despite Howell having raised the issue earlier. *See* Doc. No. 117 at 2.[3] This argument irrelevant to whether the Protective Order should have issued, and therefore not grounds for reconsideration.

---

[3] The Court notes plaintiff still suggests she "most likely needs to redo the subpoenas" at issue in the prior discovery motions. *See* Doc. No. 131 at 4. The Court has already ruled

Sixth, plaintiff argues defendant provided discovery that may be relevant to jurisdictional and venue issues in another case. *See* Doc. No. 118 at 4-5. But this argument has no bearing on whether the subpoenas at issue in the Court's prior Order were or are relevant to this case. Accordingly, it is not newly discovered evidence or any other changed circumstance warranting reconsideration.

Plaintiff's final argument is that her communications with defendant's counsel are "privileged" and cannot therefore be considered by the Court. Doc. No. 118 at 5-6. Communications between litigants and their lawyers may be privileged. *See, e.g.*, *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). But plaintiff and defendant's counsel are litigation opponents, and plaintiff has not identified any privilege that prevents disclosure of communications between litigation opponents. Accordingly, plaintiff's "privilege" argument does not merit reconsideration.

The Motion for Reconsideration is **DENIED** because plaintiff has not shown the sort of "highly unusual circumstances" that warrant reconsideration of a prior Order. *389 Orange St. Partners*, 179 F.3d at 665.

**IT IS SO ORDERED**

Dated: September 10, 2024

Hon. Karen S. Crawford
United States Magistrate Judge

---

"[p]laintiff shall not pursue her subpoenas for this case in this or any other forum" and "shall not attempt to reissue the subpoenas" in connection with this action. Doc. No. 117 at 4. The Court also noted violation of that Order may result in the imposition of sanctions. *Id.* The Order was crystal clear in this regard, but the Court will say it once more: If plaintiff follows through with her plans to violate the Court's Order, the Court may, on motion or *sua sponte*, consider the full range of sanctions contemplated by Federal Rule of Civil Procedure 37(b)(2).